FARMER, Judge,
specially concurring.
I agree that a notice of deposition and a request to produce technically constitute the kind of activity contemplated by rule 1.420(e). I also agree that it is enough to serve such requests the day before the year has elapsed and thereby avoid a dismissal for failure to prosecute.
Here, plaintiffs’ last real activity before the year was the filing of a fourth amended complaint on April 7, 1989. One defendant moved to dismiss it on April 27, 1989; and the other on May 10th, from which the year began to run. Plaintiffs then did nothing until May 4, 1990 when they filed a notice of deposition and a request to produce. The trial court noted, however, that there was no discovery initiated between December 1985 and May 4, 1990. He also noted that plaintiffs filed nothing before the hearing establishing good cause; nor did they offer any evidence at the hearing; nor is there any non-record activity constituting good cause.
The tone of the judge’s order of dismissal suggests frustration with the prosecution of this case, pending as it has been since December 1985. His pointed reference to activity consisting merely of the filing of amended complaints followed by successful motions to dismiss covering a span of nearly five years illustrates a pattern of neglect interspersed with just enough activity to sidestep at the very last moment a dismissal for want of prosecution.
I am troubled that the rule does not encompass such conduct. Conceivably, a trial judge could use rule 1.200(a) to hold a case management conference to move the case along and set a trial date. Here, however, the case is not at issue, thus precluding a trial date, and the judge obviously feels guided by our rule of liberality in allowing amending of pleadings to state a cause of action.
Plaintiffs’ conduct of this case suggests indifference or something worse. There should be some provision in rule 1.420(e) authorizing dismissals for want of prosecution for the kind of conduct evidenced here. The federal courts have had such a system for years, without any substantial showing of abuse by trial judges. This is one aspect of federal practice we would do well to embrace.
Meanwhile, I concur in the reversal because of the language of the rule.